## W. S. WRIGHT v. J. H. ADAMS.

1. ORGANIZATION OF NEW COUNTIES—CONSTITUTION—TENURE OF OFFICE OF JUSTICE OF THE PEACE.—Art. 5, sec. 19, of Constitution of 1869: "There shall be elected in each county, by the qualified voters thereof, as may be directed by law, five justices of the peace; * * * they shall hold their offices for four years; and should a vacancy occur in either of said offices, an election shall be held for the unexpired term"—taken in connection with art. 12, sec. 24: "The Legislature shall, at the first session thereof, and may at any subsequent session, establish new counties for the convenience of the inhabitants of such new county or counties," &c.,—authorizes the Legislature, in the organization of such new counties, to provide for the election of justices of the peace therein, who should only hold their offices until the next general election, as if such newly-elected officers were elected to fill vacancies.

2. CONSTITUTIONAL LAW—CONSTRUCTION.—It is the duty of the Legislature to look to the object and purpose of the different sections of the Constitution which relate to the matter under consideration, when called to legislate thereon, and where a strict and literal construction of each of its several provisions would lead to an apparent conflict, which might be obviated by interpreting them in accordance with the object and spirit of their enactment, it is obviously its

duty to pursue the latter course; and if such leading object and purpose of the Constitution can be ascertained, it should be followed

3. SAME.—The purpose of the constitutional provision above was to secure uniformity in the time of elections to the office of justice of the peace and in the length of the term of office. This purpose, with the power to create new counties, would indicate that such uniformity in the new county should be established at as early a time as possible.

4. CONSTRUCTION AS TO TERM OF ELECTIVE OFFICES.—When the duration or term of an office which is filled by popular election is a question of doubt or uncertainty, that interpretation should be followed which limits such office to the shortest time.

APPEAL from Waller.    Tried below before the Hon. Livingston Lindsay.

Wright claiming to have been duly elected justice of the peace in precinct No. 1, Waller county, at the general election, December 2, 1873, and having qualified, brought suit against Adams, who had been elected to the office at the election held in August, 1873, at the organization of Waller county.

An agreed statement of facts upon which the case was tried shows:

"1. J. H. Adams was duly elected justice of the peace of precinct No. 1, Waller county, on the 16th day of August, 1873, at the election under the act of 13th Legislature creating and organizing said county, and the act ordering an election for county officers in said county.    Adams qualified and was duly commissioned.

"2. W. S. Wright was elected justice of the peace for precinct No. 1 of said county on 2d day of December, 1873, at the general election, and had qualified and had been duly commissioned.

"3. Wright was duly elected at the general election in 1869 as justice of the peace of precinct No. 3, Austin county. The territory of said precinct No. 3 is wholly included in what is now Waller county; and the territory of precinct No. 1, Waller county, is wholly included in what was precinct No. 3, Austin county."

Judgment was rendered for the defendant Adams, and Wright appealed.

*T. S. Reese,* for appellant, cited Acts 13th Leg., pp. 49, 50, creating the county of Waller, &c.; The People *v.* Garey, 6 Conn., 642; 10 How., 402; 2 Denio, 272; 6 Serg. & R., 322; 5 Watts & Serg., 418; 2 Sand., 355; 4 Penn., 49; 1 Oregon, 149; 15 Iowa, 538; 9 Conn., 640; 3 Met. Ky., 237; 63 Penn. St., 343; 41 Wis., 163; 23 Ill., 547; 24 Ind., 184.

*Harris & Elliott,* for appellee.

By an act of the Legislature, passed April 28, 1873, 13 Laws., pp. 49, 50, the county of Waller was established. The Legislature had the right and power to establish said county. (Art. XII, sec. 24, State Constitution.)

An act to provide for holding an election for county officers for Waller county, approved May 26, 1873, (13 Laws, 102, 103,) authorized said election to be holden on the third Saturday in August, 1873, which was accordingly held, at which election appellee was elected justice of the peace for precinct No. 1 for said county.

The Constitution (art. V, sec. 19) fixes the term of office for justice of the peace at four years, and provides that should a vacancy occur in said office an election shall be held for the unexpired term. In the case at bar there was no unexpired term; it was the beginning of the first term. There could be no vacancy, such as contemplated by the Constitution, for it would be an absurdity to say that a vacancy could occur in an office which did not previously exist. As to what a vacancy is, see Story on Const., sec. 1559.

It is insisted for appellant that the act establishing the county of Waller provided that the officers should hold office only until the next general election for county officers, &c., and that their term expired at the general election in December, 1873. We submit that in so far as said act sought to prescribe the term of office at less than the constitutional term, it was in

contravention of the Constitution, and therefore of no effect. (See Banton *v.* Wilson, 4 Tex., 408, 409, 410, and other authorities cited.)

The act of the 13th Legislature, pp. 100 and 101, prescribing the times of holding general elections, provides that on the first Tuesday in December, 1873, and every two years thereafter, a general election shall be held for State and county officers to fill such offices as may be vacant at the date of such election, or which will become vacant before the next succeeding general election. What this latter clause means is open to construction. If it be construed to mean that where the office will necessarily become vacant by the expiration of the term (and we cannot conceive of any case in which it would otherwise necessarily become vacant) before another general-election, at what time will the party elected take the office? Will the incumbent go out of office and the newly-elected take the office immediately? If so, the law abridges the term, and is in conflict with the Constitution.

If it is intended by the law that the party elected shall take the office at the expiration of the term of the incumbent, then the appellant cannot take the office until the 16th day of August, 1877, at which time the term of appellee will expire; and as there will, under said act, be another general election before the expiration of the present term of appellee, another election must be held for said office at the next general election in December, 1875.

It is contended for appellant that the election held in August, 1873, for county officers of Waller county, so far as the same operated to divest appellant of the office he then held, was illegal and void. If this is a proper construction, then the Constitution is in conflict with itself, as it clearly confers upon the Legislature the power to establish new counties at pleasure, and also requires the election of officers for each county.

Whatever might be said of legislation with a view and for the purpose of getting clear of officers, it is not believed that

an act of the Legislature clearly authorized by the Constitution, and passed for the public welfare of the country, would be pronounced illegal because such would be the incidental effect of the act.

It does not necessarily follow because the election of the officers of Waller county was held in August that every succeeding election must be held in August; because if no election should be ordered in August, the officers would hold over until December by operation of law. (See General Laws 12th Legislature, called session, 1870, page 87, sec. 1.)

If the election at which appellee was elected was not legal, the act establishing the county would be inoperative, as the county could not be organized without the election of officers, unless it be contended that the appellant had the right to hold his office in the new county without being elected thereto, which would be a strange anomaly; and besides, there could be no County Court, as precinct No. 3 of Austin county, over which appellant had jurisdiction, embraces the territory of three precincts of Waller county.

MOORE, ASSOCIATE JUSTICE.—This is a suit for the office of justice of the peace of precinct No. 1, Waller county, to which appellant claimed to have been elected at the general election held December 2, 1873; while appellee maintains that he is justly and legally entitled thereto by virtue of an election held on the 16th of August, 1873, in pursuance of an act passed by the Legislature April 28, 1873, creating and providing for the organization of said Waller county.

The decision of the case seems now of little importance, as the present judgment will have to be reversed. The controversy for the office must evidently survive the tenure of the party having the better title to it, as well as the existence of the office itself, and the Constitution by which it was created. If, therefore, the mere right to the office was the only matter to be affected by a decision of the case, we might very well refuse to consider the objections to the judgment. But the

costs which have been incurred since the case has been in court may be of as much importance as the office itself. There are also other aspects of the matter in which a decision of the case may have some bearing on the rights and interest of the contestants.

The controversy grows out of what seems to be conflicting provisions in our present Constitution, (Constitution of 1869.) Section nineteen of article fifth of that instrument provides that there shall be elected in each county of the State, as may be provided by law, five justices of the peace, who shall hold their offices for four years; and should any vacancy occur in either of said offices, an election shall be held for the unexpired term. It can hardly be questioned that it was intended by this section of the Constitution to have all the justices of the peace throughout the State elected at a uniform time fixed by law. To secure this uniformity and periodicity, it is provided that persons who may be elected to fill such vacancies as may occur shall hold merely for the unexpired time of their predecessors. But section twenty-four of article twelve says: "The Legislature shall, at the first session thereof, and may at any subsequent session, establish new counties for the convenience of the inhabitants of such new county or counties." New counties cannot be established without the election and qualification of justices of the peace and other county officers. And as these new counties are to be established whenever the convenience of the people of the particular locality requires it, manifestly, it would be impracticable to require the election of the officers at the regular period fixed for the election of the like officers throughout the State. Unless, therefore, the terms of the justices of the peace elected on the organization of new counties are curtailed until the first ensuing general election, or extended until the next general election subsequent to the expiration of four years from the date of their election, the general uniformity in the time of holding such elections which the Constitution contemplates, cannot be observed.

It is unquestionably the duty of the Legislature to look to the object and purpose of the different sections of the Constitution which relate to the matter under consideration, when called to legislate thereon; and when a strict and literal construction of each of its several provisions would lead to an apparent conflict, which might be obviated by interpreting them in accordance with the object and spirit of their enactment, it is obviously its duty to pursue the latter course. And if by looking to all the sections bearing upon the matter the leading object and purpose of the Constitution can be ascertained, it should be followed. Doing this in reference to the matter before us, we think it is obvious that the two main purposes shown in the Constitution in regard to the office of justice of the peace are, general uniformity of time at which it is to be filled throughout the State, and general uniformity of four years for its tenure. Neither can be strictly and literally observed, in creating new counties, if this is done at any other time than that fixed by law for holding general elections. The power and duty of the Legislature to establish new counties, when required by public convenience, cannot, however, be doubted or denied. But in providing for the organization of such new counties, regard should be had to these general objects and purposes, and conformity to them should be secured to as great an extent and at as early a time as practicable. And although it cannot be said, strictly speaking, that the officers first elected in such newly-organized county, are elected to fill vacancies, we think the analogy may be held to apply to them, and that the Legislature very properly provided that the county officers which were authorized to be elected by the law creating said county of Waller should only hold office until the next general election for county officers, and until their successors should be elected and qualified. It is believed, moreover, to be a sound rule of construction, which holds, when the duration or term of an office which is filled by popular elections is a question of doubt or uncertainty, that the

interpretation is to be followed which limits it to the shortest time, and returns to the people at the earliest period the power and authority to refill it.

These views lead us to the conclusion that the judgment of the court in this case is erroneous. It is therefore reversed and remanded.

REVERSED AND REMANDED.