[L. A. No. 7471. In Bank.—September 14, 1923.]

CITY OF PASADENA (a Municipal Corporation), et al., Petitioners, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

[1] RAILROADS — RATES — DIFFERENT TYPES OF SERVICE — CONSTITUTIONAL LAW.—If there are two distinct and different types of service performed by a railway, namely, a street-car service and an interurban service, with rates established for each kind of service by different and reasonable methods, the provision of section 21 of article XII of the constitution, prohibiting a common carrier from charging a greater compensation for a through rate than the aggregate of intermediate rates, is not contravened, if by combining the intermediate rates, the through rate exceeds the aggregate of the rates so combined.

PROCEEDING in Certiorari to review an order of the Railroad Commission fixing rates for railway transportation. Order affirmed.

The facts are stated in the opinion of the court.

James H. Howard, City Attorney, for Pasadena, Dudley Robinson, City Attorney, for South Pasadena, T. C. Gould, City Attorney, for Alhambra and Hartley Shaw, City Attorney, for Glendale, for Petitioners.

Hugh Gordon, William W. Clary and Carl I. Wheat for Respondent.

Frank Karr for Pacific Electric Railway Company.

KERRIGAN, J.—This is a proceeding to review an order of the Railroad Commission fixing the rates and fares to be charged by the Pacific Electric Railway Company for passenger transportation in and near Los Angeles. Petitioners claim the Commission's rate-fixing order is in violation of section 21 of article XII of the California constitution, which contains an inhibition against the charging of a greater sum for a through rate than for the aggregate of the intermediate rates.

The Pacific Electric Railway Company operates an extensive interurban passenger railroad business in the counties of Los Angeles, Orange, Riverside, and San Bernardino, California, and, in addition thereto, operates extensive street railway passenger service or local service in the city of Los Angeles and the larger suburban cities of Southern California.

The decision of the Railroad Commission in question was rendered by the Commission in six consolidated proceedings and after extensive investigation by the Commission on its own behalf, and after extended hearings conducted over a period of more than three and a half years, during which hearings and in which time all the activities of the carrier were investigated for the purpose of enabling the Commission to establish just "rates, fares, tolls, rentals, charges, classifications, rules, regulations, contracts, or practices, or schedule or schedules" that were not unreasonable, discriminatory, or preferential.

The order of the Commission divides the service of the Pacific Electric Railway Company into two distinct and different classes of service, namely, the interurban passenger service and the street-car passenger service, or local passenger service, and rates are established for each class of service in accordance with the prevailing method of establishing rates for such service in this state. For the purpose of establishing local passenger rates, Los Angeles proper was divided into two zones, and the following passenger rates were established:

In inner Los Angeles zone, 6 cents.

In outer Los Angeles zone, 6 cents.

A through fare from inner zone to outer zone, or from outer zone to inner zone, 10 cents.

The reasonableness of this rate, or of the method by which it was determined, is not questioned. This rate is based upon the average distance all the passengers ride, the individual passenger paying the prescribed rate, regardless of whether he rides a short distance or a long distance.

The rates of fares on the interurban service were fixed and established upon a mileage basis, the mileage to and from Los Angeles being calculated from the Los Angeles terminal stations of the company—one located at Sixth Street, at Main and Los Angeles Street—and the other on Hill Street, between Fourth and Fifth Streets. The general one-way fare for all interurban passenger service was fixed at 2.75 cents per mile, and the reasonableness of this rate is not questioned in this proceeding.

The service rendered by the Pacific Electric Railway Company includes transportation from Los Angeles to Pasadena, South Pasadena, Alhambra, and Glendale, respectively. The cars running from Los Angeles to Pasadena pass an intermediate point known as Sierra Vista. The Alhambra cars and some of the South Pasadena cars also pass the same point. Sierra Vista, some 7.54 miles from Sixth and Main Streets, Los Angeles, is the outer boundary of the outer local streetcar zone, that is, a passenger can reach Sierra Vista from any point in the "inner zone" on the local cars for 10 cents, and from any point in the "outer zone" for 6 cents.

The Commission, in the order here for review, established through interurban rates from Los Angeles to Pasadena, South Pasadena, and Alhambra on a straight mileage basis of 2.75 cents per mile. Estimated on this basis, the fare from Los Angeles, using Sixth and Main Streets as a terminus, to Pasadena, was fixed at 29 cents; to Alhambra, 26 cents; to South Pasadena, 24 cents.

The contention of the petitioners is that these through rates exceed the aggregate of the intermediate rates, and that they therefore violate the provisions of section 21 of article XII of the constitution. To sustain their contention the petitioners point out that a passenger can, by traveling on a "local street-car" from any point in Los Angeles, reach Sierra Vista for a fare of 10 cents, and then by changing cars and paying another fare of 10 cents, reach Pasadena, having paid a total fare of 20 cents for the entire trip from Los Angeles to Pasadena, whereas the through fare, as pointed out above would be 29 cents. Similarly, passengers

going to South Pasadena and Alhambra, by using this combination service, may reach their destination for a fare less than the through interurban rate. Between Los Angeles and Glendale there is no combination local street-car and interurban service the aggregate fares for which are less than the regular through interurban fare between these points.

That part of section 21 of article XII of the constitution upon which petitioners rely is as follows: "No discrimination in charges or facilities for transportation shall be made by any railroad or other transportation company between places or persons, or in the facilities for the transportation of the same classes of freight or passengers within the state. It shall be unlawful for any railroad or other transportation company to charge or receive any greater compensation in the aggregate for the transportation of passengers or of like kind of property for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance, or to charge any greater compensation as a through rate than the aggregate of the intermediate rates; provided, however, that upon application to the Railroad Commission provided for in this Constitution such company may, in special cases, after investigation, be authorized by such commission to charge less for longer than for shorter distances for the transportation of persons or property and the Railroad Commission may from time to time prescribe the extent to which such company may be relieved from the prohibition to charge less for the longer than for the shorter haul. . . . "

We have not been able to find, nor has counsel called our attention to, any court decisions upon the precise issue here presented, but it has been pointed out that the language used in section 21 of article XII of the constitution is similar to that used in section 4 of the federal "Act to Regulate Commerce of 1887," as amended by Act of June 18, 1910, c. 309, sec. 8 (24 Stats. at Large, 379, 380; 36 Stats. at Large, 539, 547 [4 Fed. Stats. Ann., 2d ed., p. 396; U. S. Comp. Stats., sec. 8566]), which reads as follows: "That it shall be unlawful for any common carrier subject to the provisions of this Act to charge or receive any greater compensation in the aggregate for the transportation of passengers, or of like kind of property, for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance, or to

charge any greater compensation as a through rate than the aggregate of the intermediate rates subject to the provisions of this Act; but this shall not be construed as authorizing any common carrier within the terms of this Act to charge or receive as great compensation for a shorter as for a longer distance . . . "

In its "Conference Ruling No. 304" the Interstate Commerce Commission, in construing this provision of the Interstate Commerce Act, declared: "The fourth section applies to all rates and fares, but in determining whether its provisions are contravened rates and fares of the same kind should be compared with one another; that is, transshipment rates should be compared with transshipment rates; excursion fares with excursion fares; and commutation fares with commutation fares."

And again in the case involving "Passenger Fares between New York, N. Y., and Points West of Newark, N. J." (decided by the Interstate Commerce Commission on November 23, 1922), it was said: "It is well settled that in applying the provisions of the fourth section of the Act, rates and fares of the same kind should be compared with one another."

We believe that the construction thus placed upon the federal statute by the Interstate Commerce Commission is entitled to great respect under the well-known principle that, where any doubt exists, great weight should be given to a uniform construction placed upon a statute by the department charged with its execution. (*United States* v. *Hammers,* 221 U. S. 220 [55 L. Ed. 710, 31 Sup. Ct. Rep. 593, see, also, Rose's U. S. Notes]; *United States* v. *Cerecedo Hermanos y Co.,* 209 U. S. 337 [52 L. Ed. 821, 28 Sup. Ct. Rep. 532, see, also, Rose's U. S. Notes].) As thus construed the rate established in the instant case would not violate the federal statute because only *"rates of the same character"* should be compared with one another, and a local street-car rate is not of the same character as an interurban rate. We are convinced that section 21 of article XII of the constitution should be construed as this federal statute, containing similar language and having the same general purpose, has been construed, and that, therefore, the prohibition contained in this section applies only where the through fares and aggregate intermediate fares attempted to be charged relate

to "*the same classes of passengers.*" Such a construction will not, as petitioners argue, allow the Railroad Commission, by making an arbitrary classification of service, to set aside the very salutary rule of railroad regulation contained in section 21 of article XII of the constitution. [1] We only hold that if there are two distinct and different types of service, namely, a street-car service and an interurban service, with rates established for each kind of service by different and reasonable methods, that the constitutional provision is not contravened if by combining these two rates the through rate exceeds the aggregate of the rates so combined.

We feel that the conclusion which we have reached is further strengthened by the opening words of section 21 of article XII, that, "No discrimination in charges or facilities for transportation shall be made by any railroad or other transportation company between places or persons, *or in the facilities for the transportation of the same classes of freight or passengers within the State.*" (Italics ours.) This introductory sentence characterizes the whole purpose of this section; it was designed to prevent discrimination between the "*same classes of freight or passengers.*" It is manifest that an interurban passenger, who pays a fare depending upon the exact distance that he rides, is not in the same "class of passengers" as the local passenger who may ride one block, or five miles, for the same fare.

Petitioners contend that the finding of the Commission that a substantial difference exists between the character of service rendered on the local street-cars and that rendered on the interurban cars is unsupported by the evidence.

We believe that there was sufficient evidence to support this finding, and consequently it must be sustained. There is evidence in the record before us that for a large portion of the distance betwen Sixth and Main Streets and Sierra Vista the interurban cars use tracks exclusively reserved for them; that these cars are operated at a high speed, stop only at designated places, and are operated on published timetables; that the cars used on the interurban lines are in general larger and heavier than those used on the local lines, with more, and more comfortable, seats.

We are therefore constrained to hold that neither the order of the Railroad Commission nor the tariff schedule of rates filed pursuant to the provisions thereof violate the pro-

visions of section 21 of article XII of the constitution of California.

The order of the Railroad Commission is affirmed.

Lennon, J., Lawlor, J., Seawell, J., Richards, J., *pro tem.,* Waste, J., and Wilbur, C. J., concurred.