[Civ. No. 11437.   First Appellate District, Division Two.—November 8, 1940.]

THE PEOPLE ex rel. ROY L. LABACHOTTE, Respondent, v. FRANKLIN MORRIS, Appellant.

Hugh K. McKevitt and Newell J. Hooey for Appellant.

Earl Warren, Attorney-General, Leon French, Deputy Attorney-General, and Frank V. Kington for Respondent.

SPENCE, J.—This proceeding in *quo warranto* was brought for the purpose of challenging the right of the defendant to the office of member of the State Board of Chiropractic Exam-

iners. The cause was tried upon stipulated facts and resulted in a judgment decreeing that the defendant was not entitled to said office and that the relator was entitled thereto. Defendant appeals from said judgment.

Defendant Franklin Morris was appointed by the governor as a member of said board on April 5, 1939, to succeed the relator, Roy G. Labachotte, who was then in office. The trial court held that the relator was entitled to said office upon the theory that the term of the relator had not expired.

The State Board of Chiropractic Examiners was created by an initiative act which became effective December 21, 1922. (See Stats. 1923, p. lxxxviii.)

Section 1 of said act provides in part, ''A board is hereby created to be known as the 'state board of chiropractic examiners', hereinafter referred to as the board, which shall consist of five members, citizens of the State of California, appointed by the Governor.''

Section 2 of said act provides in part: ''Within sixty days of the date upon which this act takes effect, the governor shall appoint the members of the board. Of the members first appointed, one shall be appointed for a term of one year, two for two years, and two for three years. Thereafter, each appointment shall be for the term of three years, except that an appointment to fill a vacancy shall be for the unexpired term only. Each member shall serve until his successor has been appointed and qualified.''

On February 10, 1923, and within the sixty-day period provided in said section 2, the then governor appointed the original board of five members and designated the term of each of said members. One Albin Peterson was appointed for the one-year term and he was the original holder of the office to which the relator and the defendant are now asserting their respective claims.

It was stipulated upon the trial that every governor and every secretary of state holding office since the effective date of the act ''construed and interpreted said Chiropractic Act to mean that the terms of office of the original members appointed to the State Board of Chiropractic Examiners were to and did commence on February 10, 1923, and that the term of office of the original member appointed to said board for one year terminated on February 10th, 1924, and that the term of office of the two original members appointed for a

term of two years terminated on February 10, 1925, and that the term of office of the two original members appointed for the term of three years terminated on February 10th, 1926, and that thereafter the terms of office of each subsequent and successive member appointed was for the term of three years and that said terms of office terminated on February 10th of each corresponding three year period thereafter.''

Photostatic copies of the ''Executive Records'' of the State of California relating to said board were placed in evidence. The history of the particular office in question is shown thereon as follows: Albin Peterson, appointed February 10, 1923, for a term of one year, which term expired February 10, 1924; G. K. Gilkerson, appointed July 9, 1924, for a term of three years, which term expired February 10, 1927; Samuel J. Howell, appointed March 16, 1927, for a term of' three years, which term expired February 10, 1930; Samuel J. Howell, reappointed December 31, 1930, for the term of three years, which term expired February 10, 1933; Raymond C. Foy, appointed February 10, 1933, for a term of three years, which term expired February 10, 1936. Said Raymond C. Foy was not reappointed thereafter but, in accordance with the provisions of section 2 of the act, he continued to serve until the relator was appointed as his successor on December 31, 1938. As to the date of expiration of the term to which the relator was appointed, said executive records show only the following: ''Feb. 10, 19—''. The same records show the appointment of defendant on April 5, 1939, for the term expiring ''Feb. 10, 1942'', vice ''Roy Labachotte, T. E.'', the ''T. E.'' meaning term expired.

Defendant contends that the terms of the original members of the board commenced on February 10, 1923, the date of the original appointments; that the terms of office thereafter ran with the office rather than with the appointees; that the relator's appointment on December 31, 1938, was only for the balance of the term into which Foy was then holding over, which term began on February 10, 1936, and expired February 10, 1939; that the relator's term expired on February 10, 1939, and relator was merely holding over into the following term when defendant was appointed on April 5, 1939, for the balance of said term which commenced on February 10, 1939, and will expire on February 10, 1942; that the appointment of defendant for the balance of said term was a

valid appointment and therefore the trial court erred in decreeing that defendant was not entitled to said office.

Plaintiff apparently concedes that under the act the terms of office ran with the office rather than with the appointees. This must be true as any other construction of the act would defeat the obvious purpose of rotation in office at regular intervals as indicated by the provisions for staggered terms. But plaintiff apparently takes the position that the terms of the original board members commenced on December 21, 1922, the effective date of the act, and not at the time of the appointment of said original board members. Under this view, the first term into which Foy held over expired on December 21, 1938, and thereafter, and at the time of the appointment of relator on December 31, 1938, Foy was holding over into the following term which commenced on December 21, 1938, and would not expire until December 21, 1941. It is thus apparent that the question of whether relator or defendant is now entitled to the office depends upon the determination of the date of the expiration of the term for which relator was appointed and this question in turn depends upon the determination of the date upon which the original terms commenced. If the original terms commenced on December 21, 1922, the effective date of the act, then relator's appointment on December 31, 1938, was an appointment for the balance of a term expiring December 21, 1941, and relator is entitled to the office. On the other hand, if the original terms commenced on February 10, 1923, the date of the original appointments, then relator's appointment on December 31, 1938, was an appointment for the balance of a term expiring February 10, 1939, and defendant's appointment on April 5, 1939, having been made after the expiration of relator's term, was an appointment for the balance of the term expiring February 10, 1942, and defendant is entitled to the office.

The parties have cited numerous authorities in support of their respective contentions but owing to the different situations presented by the various statutes under consideration in said authorities, we find none of them directly in point. Perhaps the leading case in this jurisdiction is *Boyd* v. *Huntington*, 215 Cal. 473 [11 Pac. (2d) 383], which case has been discussed at length by both parties. The court was there dealing with the two statutes relating to the board of dental examiners. Neither of said statutes contained the pro-

vision found in the statute here directing the appointment of the board by the governor "within sixty days" and providing that "Of the members first appointed, one shall be appointed for a term of one year, two for two years and two for three years." The statutes there did provide, however, for staggered terms and for rotation in office and it was necessary to determine the date of the commencement of the terms in order to carry out the legislative intent. Under the situation presented by statutes before it, the court concluded that the terms commenced on the effective date of the act. It was there said at page 479, "The law is well established that a term begins not necessarily from the date of appointment, but from the time fixed by the lawmakers for it to begin." We may imply from the language of the court that the time of the commencement of a term under any given statute is to be determined by the intent of the lawmakers as found from a consideration of such statute as a whole.

■ As we read the statute under consideration, we believe that it contains a definite implication that the terms of the original board members should commence upon the date of the first appointments rather than upon the effective date of the act. Such was the uniform construction placed upon said act by every governor and every secretary of state in office since the act was adopted. ■ If it may be said that there is uncertainty in the language of the act in this regard, such contemporaneous construction is entitled to great respect. (*People* v. *Southern Pacific Co.*, 209 Cal. 578 [290 Pac. 25] ; *Riley* v. *Thompson,* 193 Cal. 773 [227 Pac. 772] ; *Riley* v. *Forbes,* 193 Cal. 740 [227 Pac. 768] ; *City of Pasadena* v. *Railroad Company,* 192 Cal. 61 [218 Pac. 412] ; *Colonial Mut. C. Ins. Co., Ltd.,* v. *Mitchell,* 140 Cal. App. 651 [36 Pac. (2d) 127] ; 23 Cal. Jur. 775, sec. 151.) As was said in *United States* v. *Philbrick,* 120 U. S. 52, at page 59 [7 Sup. Ct. 413, 30 L. Ed. 559] : " . . . contemporaneous construction by the officers upon whom was imposed the duty of executing those statutes is entitled to great weight; and since it is not clear that the construction was erroneous, it ought not now to be overturned." As we find no authorities involving statutes containing precisely similar wording, it would serve no useful purpose to extend this opinion by a discussion of said authorities. We believe, however, that the views herein expressed find support in the language used in some of said

authorities. (See *State* v. *Stonestreet,* 99 Mo. 361 [12 S. W. 895]; *People* v. *Reinberg,* 263 Ill. 536 [105 N. E. 715, Ann. Cas. 1915C, 343, L. R. A. 1915E, 401]; *State* v. *Williams,* 222 Mo. 268 [121 S. W. 64, 17 Ann. Cas. 1006]; 46 Cor. Jur. 965.) Furthermore, we find nothing in the opinion in *Boyd* v. *Huntington, supra,* which is at variance with said views.

We therefore conclude that the term of office of the relator expired on February 10, 1939, and that at the time defendant was appointed on April 5, 1939, relator was merely holding over into the term which commenced on February 10, 1939, and will expire on February 10, 1942; that the appointment of defendant was a valid appointment for the balance of said term; and that the trial court should have entered its judgment in favor of the defendant.

The judgment is reversed with directions to the trial court to enter its judgment in favor of the defendant.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 7, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 23, 1940.