

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 28, 1949

Hon. F. B. Caudle
County Attorney
Franklin County
Mount Vernon, Texas

Opinion No. V-761.

Re: The period of an appoint-
ment to fill a vacancy in
the office of District
Clerk, same having been
made after the last gener-
al election and before the
next term to which the de-
ceased had been elected.

Dear Sir:

Reference is made to your recent request
which reads in substance as follows:

"The District Clerk of Franklin County,
who was reelected at the November Election,
1948, died thereafter on the 15th. of Novem-
ber, 1948. The two District Judges. . .
made an appointment as provided by law; and
the appointee accepted and qualified.

"Query:

"Does the appointment filling the vacan-
cy of the District Clerk's Office run to the
next General Election, 1950; or since the
vacancy and appointment occured between the
General Election and the following Jan. 1, is
it necessary that there be an appointment or
reappointment as of Jan. 1, 1949. In other
words when does the appointment expire?"

Art. XVI, Sec. 27 of the State Constitution
provides as follows:

"In all elections to fill vacancies of
office in this State, it shall be to fill
the unexpired term only."

Art. 1895, V. C. S., provides as follows:

"Whenever a vacancy occurs in the office of district clerk, it shall be filled by the district judge of such county; and such appointee shall give bond and qualify and may hold his office until the next general election. Where a vacancy occurs in a county having two or more district courts, the vacancy shall be filled by the judges of such courts; and if they fail to agree, the Governor, upon the certificate of such judges, shall order a special election to fill such vacancy."

We have been unable to find a case where the courts have passed upon this specific question. However, in the case of Dobkins v. Reece, 17 S.W. (2d) 81 (Writ of Error Refused), in construing similar statutory and constitutional provisions we find the following:

"This appeal involves a contest over the office of sheriff of Cooke county. Jake Wright was the duly elected and acting sheriff of Cooke county for the term beginning January 1, 1927, and ending January 1, 1929. He was duly nominated during the July primary, 1928, and was reelected at the succeeding general election, November 6, 1928. On December 12, 1928, he died, without having qualified under his new term. On December 14, 1928, the county commissioners' court elected or appointed Jonathan Dobkins as sheriff, who happened to be at the time of his appointment a member of the commissioners' court, but, as he testified, did not participate in the appointment, and was not present thereat.

"  . . .

"Dobkins filed his bond on the 14th of December, 1928, and qualified and entered upon the duties of his office. It so happened that the personnel of the commissioners' court changed on January 1, 1929, and two of the former members retired, and two new members qualified. On January 2, 1929, the matter of the election or appointment of a sheriff again was considered by the commissioners' court, and Ate Reece was elected,
. . .

Hon. F. B. Caudle, page 3 (V-761)

"    ...

"The two questions which we think are
important and involved in this case are: (1)
Was the original appointment by the commis-
sioners' court of Dobkins merely for the un-
expired term ending December 31, 1928, and
not including the term beginning January 1,
1929, or did the appointment extend to the
two succeeding years, and until December 31,
1930, or January 1, 1931?

"    ...

"The Constitution limits the term of
the sheriff to two years. He cannot be
elected for two terms at the same election,
a fortiori, he cannot be appointed for two
terms, or a part of one term and whole of
the succeeding term at one and the same
time. When the duration or term of an of-
fice is a question of doubt or uncertainty,
the interpretation should be followed which
limits such office to the shortest term.
Wright v. Adams, 45 Tex. 134. Other au-
thorities might be cited, but we believe
in the discussion heretofore sufficient has
been said to show that in our opinion the
appellant's term under his appointment in
December, 1928, had expired at the time the
election was had by the commissioners'
court on January 2, 1929. If such view be
correct, then it follows that a vacancy
existed, for the new term of two years for
which the deceased, Jake Wright, had been
elected by the voters of Cooke county, and
that the commissioners' court had author-
ity to fill such vacancy."

In view of the foregoing it is our opinion
that the appointment of the District Clerk expires on
January 1, 1949.

However, Art. XVI, Sec. 17, provides that:

"All officers within this State shall
continue to perform the duties of their of-
fices until their successors shall be duly
qualified."

Art. 18, V. C. S., provides in part as follows:

"Each officer, whether elected or appointed under the laws of this State, and each Commissioner, or member of any board or commission created by the laws of this State, shall hold his office for the term provided by law and until his successor is elected or appointed and qualifies; . . ."

It is apparent from the foregoing that the present District Clerk shall continue to act until his successor is appointed and qualifies.

### SUMMARY

Where the District Clerk of Franklin County was reelected to succeed himself at the November election, 1948, died on the 15th of November, 1948, and the District Judges made an appointment to fill the vacancy as provided by law, said appointment expired on the first day of January, 1949. Art. XVI, Sec. 27 of the State Const.; Art. 1895, V. C. S.; Dobkins v. Reece, 17 S. W. (2d) 81.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By Bruce Allen
Bruce Allen
Assistant

BA:bh

APPROVED

Price Daniel
ATTORNEY GENERAL