

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 15, 1969

Honorable Preston Smith          Opinion No. M-371
Governor, State of Texas
State Capitol Building
Austin, Texas 78711              Re: Term of office of the
                                     members of the Board of
                                     Regents of The University
Dear Governor Smith:                 of Texas.

        Your request for an opinion from this office poses
the following questions:

        "1. The calendar date on which terms of office
of members of the Board of Regents of The University
of Texas commence and terminate.

        "2. Did my predecessor in office have the power
and authority to appoint Frank C. Erwin, Jr., Dan
Williams, and Jenkins Garrett as members of the Board
of Regents of The University of Texas for six-year
terms to expire on January 10, 1975?

        "3. If my predecessor in office did not have the
power and authority to make such appointments, are
same null and void?

        "4. If same are null and void, is Senate consent
necessary to withdraw same, or may the Governor of
Texas nominate and appoint three members to the Board
of Regents of The University of Texas?"

        In 1858 the 7th Legislature of the State of Texas
placed the control, management and supervision of The University
of Texas in a board composed of the Governor of Texas, the
Chief Justice of the Supreme Court of Texas, and eight others
to be appointed by the Governor with the consent of the Senate
to hold office for four years and until their successors were
qualified.

- 1829 -

The first Board of Regents for The University of Texas was created in 1881 by the enactment of Chapter 75, Acts of the 17th Legislature, Regular Session, 1881, page 79. Sections 1, 5 and 6 provide as follows:

"Section 1. Be it enacted by the Legislature of the State of Texas, that there be established in this State, at such locality as may be determined by a vote of the people, an institution of learning, which shall be called and known as The University of Texas. The medical department of the university shall be located, if so determined by a vote of the people, at a different point from the university proper, and as a branch thereof; and the question of the location of said department shall be submitted to the people and voted on separately from the propositions for the location of the main university. The nominations and elections for the location of the medical department shall be subject to the other provisions of this act, with respect to the time and manner of determining the location of the university.

"...

"Sec. 5. The government of the university shall be vested in a board of regents, to consist of eight members selected from different portions of the state, who shall be nominated by the governor, and appointed by and with the advice and consent of the Senate.

"Sec. 6. The board of regents shall be divided into classes, numbered one, two, three and four, as determined by the board at their first meeting; shall hold their office two, four, six and eight years respectively, from the time of their appointment. From and after the first of January, 1883, two members shall be appointed at each session of the Legislature to supply the vacancies made by the provisions of this section, and in the manner provided for in the preceding section, who shall hold their offices for eight years respectively."

In 1900 the Supreme Court of Texas in _Kimbrough v. Barnett_, 93 Tex. 309, 55 S.W. 120, held that terms of office for more than two years violated the provisions of Section 30 of Article XVI of the Constitution of Texas.

From the facts furnished this office by you, after the decision in _Kimbrough v. Barnett_, _supra_, the entire membership of the Board of Regents was appointed every two years.

In 1912, Section 30a of Article XVI of the Constitution of Texas was adopted and it provides as follows:

"The Legislature may provide by law that the members of the Board of Regents of the State University and boards of trustees or managers of the educational, eleemosynary, and penal institutions of the State, and such boards as have been, or may hereafter be established by law, may hold their respective offices _for the term of six (6) years, one-third of the members of such boards to be elected or appointed every two (2) years in such manner as the Legislature may determine;_ vacancies in such offices to be filled as may be provided by law, and the Legislature shall enact suitable laws to give effect to this section." (Emphasis added.)

Pursuant to Section 30a the Legislature in 1913 enacted Senate Bill 203, Acts of the 33rd Legislature, Regular Session, Chapter 103, page 191, which provides, in part, as follows:

"Sec. 2. The members of the governing board of each of the State institutions of higher education mentioned in Section 1 shall be selected from different portions of the State, and shall be nominated by the Governor and appointed by and with the advice and consent of the Senate. _In event of a vacancy on said board, the Governor shall fill said vacancy until the convening of the Legislature and the ratification by the Senate. The members of each of said boards who shall be in office at the time this Act takes effect shall continue to exercise their duties until the expiration of their respective terms, as shall be determined according to requirements of Section 3 of this Act, and additional members shall be appointed in the manner prescribed herein_ to fill out the membership

herein provided for.

"Sec. 3.   The following members of the several
governing boards shall be divided into equal classes,
numbered one, two and three, as determined by each
board at its first meeting after this Act shall become
a law, these classes shall hold their offices two,
four and six years respectively, from the time of
their appointment.  And one-third of the membership
of each board shall hereafter be appointed at each
regular session of the Legislature to supply the
vacancies made by the provisions of this Act and
in the manner provided for in Section 2, who shall
hold their offices for six years, respectively.  The
duties of the several governing boards shall be
determined by law heretofore enacted or that may
hereafter be enacted, no changes in the said duties
being made by this Act."   (Emphasis added.)

Senate Bill 203, Acts of the 33rd Legislature, Regular
Session, 1913, was codified in the 1925 revision as Articles
2584 and 2907.

Article 2584 reads as follows:

"The government of the University of Texas shall
be vested in a Board of Regents composed of nine per-
sons.  They shall elect a chairman from their number
who shall serve at the pleasure of the board.  The
State Treasurer shall be the treasurer of the University.
The board shall have the right to make and use a common
seal and may alter the same at pleasure."

Article 2907 reads as follows:

"Each member of the governing board of the
University of Texas, the Agricultural and Mechanical
College, of the normal colleges, and of the College
of Industrial Arts, shall be a qualified voter, and
shall be selected from different portions of the
State.  One-third of the membership of each such board
shall be biennially nominated by the Governor and
appointed by and with the advice and consent of the Senate,

and shall hold their offices for six years,
respectively."

Section 2 of the Final Title to the 1925 revision
contains a repealing clause reading as follows:

"Sec. 2.  Repealing Clause.  - That all
civil statutes of a general nature, in force when
the Revised Statutes take effect, and which are
not included herein, or which are not hereby expressly
continued in force, are hereby repealed."

In construing the effect of revisions, the Court in
American Indemnity Co., v. City of Austin, 112 Tex. 239, 246
S.W. 1019 (1923) held:

"Section 43 having given the Legislature authority
to revise the laws, without, within itself or by any
other section of the Constitution, having prescribed
the method of revision or without having limited the
legislative power, except in so far as this power is
limited in the enactment of any other law, the
Legislature has plenary authority to revise, and
may do so in its own way and to any extent, pro-
vided, always, the substance of the proposed revision
is not otherwise prohibited by the Constitution.  It
may do so by omitting laws from the Code, which, when
done, under the repealing clause, are repealed.  It
may do so by changing words or phrases for the purpose
of harmony or brevity, without in fact changing the
meaning, or it may do so by the incorporation of new
and material matter in the revision.  The term 'revise'
is broad enough to permit the amendment of existing
laws or statutes in these several ways."

Since the 1925 revision (with regard to terms of office
for members of the Board of Regents) merely states that one-
third of the membership shall be biennially appointed by the
Governor and appointed by and with the advice and consent of
the Senate and shall hold their offices for six years respectively,
it is necessary that this office first determine whether the
1925 revision changed the terms of office of the membership
of the Board of Regents of the University of Texas.  We think

not. The Board of Regents was not abolished, reorganized, or in any other manner changed by the 1925 revision.

It is our opinion that the term of office of the Board of Regents is to be determined from the proper construction of the 1913 Act rather than the 1881 Act for the following reasons:

The 1881 Act prescribed terms of office which violated Section 30 of Article XVI of the Constitution of Texas, Kimbrough v. Barnett, supra.

The 1913 Act reorganized the Board so as to comply with the provisions of Section 30a of Article XVI of the Constitution of Texas adopted the previous year.

Section 2 of the 1913 Act provided that members of the Board who shall be in office at the time this Act takes effect shall continue to exercise their duties until the expiration of their respective terms as shall be determined "according to the requirements of Section 3 of this Act." Section 3 divides the Board into equal classes and provides that one-third of the membership of each Board shall hereafter be appointed at each regular session of the Legislature.

For all of the foregoing reasons, it is our opinion that the 1913 Act is the Act of the Legislature which determines the terms of office of members of the Board of Regents of the University of Texas.

The proper construction of this Act (Senate Bill 203, Acts of the 33rd Legislature, regular session, 1913, Chapter 103, page 191) is not free of doubt. Several different dates have been urged in various briefs submitted to this office, each presenting a reasonable construction of its provisions. In the past this office has not construed such provisions uniformly. See Attorney General's Opinion No. 2583 (1925) and Attorney General's Opinion No. 2908 (1933).

A review of the various appointments and confirmations of members of the Board of Regents of the University of Texas, in our opinion, fail to reveal a consistent construction of this Act by the various Governors of the State. With the foregoing in mind, we will attempt to give a construction to the 1913 Act as will carry out the evident purpose of the Legislature.

In Attorney General's Opinion M-296 (1968) it is stated:

". . .where a controversy arises as to the duration of a term of office, the earliest dates for commencement and termination of the term should be adopted, in order to return the selective power to those exercising same at the earliest opportunity. Wright v. Adams, 45 Tex. 134 (1876); accord, Dobkins v. Reece, 17 S.W.2d 81 (Tex.Civ.App. 1929, error ref.)"

While no specific calendar date is specified by the Legislature, it expressly provided that the members of the Board of Regents shall hereafter be appointed at each regular session of the Legislature and that one-third of the membership is to be appointed every two years in compliance with the provisions of Section 30a of Article XVI of the Constitution of Texas. See Attorney General's Opinion M-360 (1969).

Since the appointments must be made "at each regular session of the Legislature" the phrase "from the time of appointment" cannot be construed to allow the Governor to change the terms of office by delaying appointments and disregard the provisions of Article XVI, Section 30a of the Constitution of Texas. Attorney General's Opinions M-338 (1969) and M-360 (1969) and authorities cited therein.

We reject the contention that the phrase "from the time of their appointment" in Section 3 of the 1913 Act merely refers to a past event, for the reason that the members of the Board of Regents in office at its first meeting after the effective date of the 1913 Act were not appointed on the same date.

We reject the theory that the terms of office begin "from January 1, 1883" for the reason that such theory is based upon a construction of the 1881 Act, which Act is not controlling for reasons previously stated.

We reject the theory that the termination date of the terms of office is January 10 for the reason that such theory is based on language contained in various executive appointments rather than on a construction of legislative enactments.

We reject the "effective date of the Act" theory for the reason that such theory does not give effect to the expressed legislative intention that appointments are to be made during each regular session of the Legislature.

We have concluded that the proper construction requires that the terms of office must begin "at each regular session of the Legislature". In view of the fact that the term of office must begin "at each regular session of the Legislature," the earliest date for commencement and termination of the terms is the first day of each regular session of the Legislature. Attorney General's Opinion M-296 (1968); Wright v. Adams, 45 Tex. 134 (1876); Dobkins v. Reece, 17 S.W.2d 81 (Tex.Civ.App. 1929, error ref.).

You are accordingly advised that the date on which terms of office of the Board of Regents of the University of Texas commences and terminates is the date of the convening of a regular session of the Legislature, to wit: The second Tuesday in January, as provided in Article 5422, Vernon's Civil Statutes, which was enacted pursuant to Section 5, Article III, Constitution of Texas.

Since Section 4 of Article IV of the Constitution of Texas provides that the Governor shall be installed on the first Tuesday after the organization of the Legislature, Governor John Connally had the power and authority to appoint Frank C. Erwin, Jr., Dan Williams and Jenkins Garrett members of the Board of Regents of the University of Texas for six year terms to expire on the convening of the regular session of the Legislature in 1975.

In view of our answer to your first two questions, it is unnecessary to answer questions three and four.

## S U M M A R Y

The six year terms of office for members of the Board of Regents of the University of Texas begin and end with the convening of a regular session of the Legislature, one-third thereof to be appointed each two years.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Roger Tyler
Houghton Brownlee
Bill Corbusier
John Grace

W. V. Geppert
Staff Legal Assistant