

THE ATTORNEY GENERAL

OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

February 17, 1969

*affirms M-296*

Honorable Preston Smith
Governor of the State of Texas
State Capitol Building
Austin, Texas

Opinion No. M-338

Re: Certain questions relating
to the determination of the
commencement of the term of
office of members of various
boards, agencies, commis-
sions and committees of the
State of Texas where such
term of office is not speci-
fically prescribed by
statute or the Constitution
of Texas.

Dear Governor Smith:

You have requested the opinion of this office upon the
following questions:

"1. Where a board, agency, commission or
committee of the State of Texas is created by
the Constitution of the State of Texas, or by
Act of the Texas Legislature, the same to be
composed of members to be appointed by the
Governor for a definite term, when does the
term of office of each member begin and end,
when the Constitution or Act creating same
does not specifically so provide?

"2. Where a board, agency, commission or
committee of the State of Texas is created by
the Constitution of the State of Texas, or by
Act of the Texas Legislature, the same to be
composed of members to be appointed by the
Governor for a definite term, with the advice
and consent of the Senate, when does the term
of office of each member begin and end, when
the Constitution or Act creating same does
not specifically so provide?

-1658-

"3.  Where a board, agency, commission or committee of the State of Texas is created by the Constitution of the State of Texas, or by Act of the Texas Legislature, the same to be composed of members to be appointed by the Governor, with the advice and consent of the Senate, for a term falling under the provisions of Article 16, Section 30, Constitution of the State of Texas, when does the term of office of each member begin and end, when the Constitution or Act creating same does not specifically so provide?

"4.  Where a board, agency, commission or committee of the State of Texas is created by the Constitution of the State of Texas, or by Act of the Texas Legislature, the same to be composed of members recommended by another board, agency, commission or committee of the State of Texas for a definite term, but to be approved by the Governor of the State of Texas, when does the term of office of each member begin and end, when the Constitution or Act creating same does not specifically so provide?"

In connection with the foregoing questions you have mentioned that in certain instances your office has been unable to determine the beginning and end of the term of many of the officers serving on various boards, agencies, commissions and committees of the State of Texas.

Each of the questions which you have posed pertain to the determination of the commencement date of the term of office of various appointive positions on boards, agencies, commissions and committees of the State of Texas.  In each of the instances the statute or constitutional provision creating such board, agency, commission or committee does not specifically set forth when the term of office will commence.  The questions you have posed differ in only the following respects:

1.  Appointments for a definite term by the Governor;

2.  Appointments for a definite term by the Governor with the advice and consent of the Senate;

3.  Appointments by the Governor with the advice and
    consent of the Senate for terms subject to the
    provisions of Section 30 of Article XVI of the
    Constitution of Texas;

4.  Membership recommended by another board, agency,
    commission or committee with approval by the
    Governor.

In answering the foregoing questions it may be helpful
to initially refer to the statement of the Supreme Court of Texas
in the case of Spears v. Davis, 398 S.W.2d 921 (Tex.Sup. 1966),
which is set forth as follows:

> "In order to avoid confusion, a clear dis-
> tinction must be made between the phrase, 'term
> of office' and an individual's tenure of office.
> The period of time designated as a term of of-
> fice may not and often does not coincide with an
> individual's tenure of office . . . . "   (Emphasis
> added.)

The questions presented here do not necessarily deal with
an individual's tenure of office as a member of a particular board,
agency, commission or committee, but are directed solely to the
commencement date of the term of the office or membership to which
he has been appointed. The individual's tenure of office in a
particular office may coincide with the term of office of the
position to which he has been appointed, but in some instances
it will not. An officer is entitled to hold the office until
his successor is elected or appointed and qualifies. Article 18
V.C.S.

In determining the commencement date of the term of
office of a position on a board, agency, commission or committee
of the State of Texas created by either a statutory or consti-
tutional provision which is silent as to intent concerning when
the term of office is to commence, a review of the authorities
disclose that there are at least two dates which are generally
to be considered -- the date of the first appointment to the
office, and the effective date of the statute or constitutional
provision creating the office. See Attorney General's Opinion
O-3584 (1941).

Hon. Preston Smith, page 4 (M+ 338)

In the case of Royston v. Griffin, 42 Tex. 566 (1875), the court stated that:

"It certainly cannot be said that the language of the Act is utterly free from ambiguity or uncertainty. Where this is the case, it is believed to be the soundest rule of interpretation in a republican system of government, to abbreviate rather than prolong by construction, official tenure. In case of doubt, the preference should, it is thought, be given in favor of the speediest return of the right to fill the office to the appointing power . . . ." (Emphasis added.)

In the case of Wright v. Adams, 45 Tex. 134 (1876), the court stated in its opinion that:

". . . It is believed, moreover, to be a sound rule of construction, which holds, when the duration or term of an office which is filled by popular elections is a question of doubt or uncertainty, that the interpretation is to be followed which limits it to the shortest time, and returns to the people at the earliest period the power and authority to refill it." (Emphasis added.)

The court in the case of Dobkins v. Reece, 17 S.W.2d 81 (Tex.Civ.App. 1929, error ref.), stated in its opinion that:

". . . When the duration or term of an office is a question of doubt or uncertainty, the interpretation should be followed which limits such office to the shortest term. Wright v. Adams, 45 Tex. 134 . . . ."

In 67 C.J.S. §44c, Officers, it is stated that:

". . . If the language of a statute or constitutional provision specifying the term of office of an official is ambiguous, the interpretation which limits the term to the shortest time will be adopted." (Citing in the footnote Aggeler v. Dominguez, 217 Cal. 429, 19 P.2d 241; Chamski v. Cowan, 288 Mich. 238, 284 N.W. 711; Lowrie v. Brennan, 283 Mich. 63, 276 N.W. 900; State ex rel Bonner, Governor v. District Court of First Judicial

Dist. in and for Lewis and Clark Counties, 206 P.2d
166; Dobkins v. Reece, Civ.App., 17 S.W.2d 81,
error ref.)."

See also Maddox v. York, 54 S.W. 24 (Tex.Civ.App. 1899, aff. 55
S.W. 1133); Mechem on Law of Public Offices and Officers, Section
390, p. 255.

The foregoing cases clearly reveal that it has long been
recognized in Texas, as well as many other jurisdictions, that
where there exists uncertainty as to the term of office of a
particular position, the courts will favor an interpretation
which limits the term to the shortest time and returns the elective
or appointive power to be once again exercised.  Such being the
case, it would seem to necessarily follow that the courts would
favor an interpretation which commences the beginning of the term
of office at the earliest possible date because this would result
in the speediest return of the right to fill the office to the
appointing power.

In the case of Eades v. Drake, 160 Tex. 381, 332 S.W.2d
553 (1960), the Supreme Court of Texas stated that:

"The 160th Judicial District was created by
an Act of the 55th Legislature and came into exist-
ence on the effective day of the Act, that is,
ninety days after May 23, 1957, the day upon which
the Legislature adjourned . . . .

" . . . .

"Under the Texas constitution, the office
of district judge is an elective position, with
the exception that the Governor may fill vacancies
by appointment until the next general election.
As a usual thing when a district court is created
there is a vacancy in the office of judge to be
filled by gubernatorial appointment. However,
when and after a general election takes place,
the term of a district judge is fixed at four
years by the constitution."   (Emphasis added.)

Applying the reasoning of the foregoing case to the present
situation, it would appear that a board, agency, commission or
committee created by a constitutional provision or statutory en-

actment of the Legislature would come into existence on the effective date of the constitutional provision or statutory enactment.   In turn, it would likewise seem to follow that any appointive positions upon a board, agency, commission or committee would come into existence on the effective date of the statutory enactment or constitutional provision, unless otherwise provided. While there may be vacancies existing in positions on the boards, agencies, commissions or committees, if the appointing power does not make the appointments on the effective date of enactment or provision creating the position, this would not of itself seem to affect the time at which the term of office commenced.   A somewhat analogous situation is commented upon in 67 C.J.S. §50, Officers, where it is stated that:

> "Since the term of an office is distinct from the tenure of an officer, 'the term of office' is not affected by the holding over of an incumbent beyond the expiration of the term for which he was appointed; and a holding over does not change the length of the term, but merely shortens the term of his successor."

The same reasoning would apply to the questions here presented.   The fact that an appointment was not made on the commencement date of the term of office would not change the length of the term, but it would merely shorten the length of time that the individual so appointed could serve in the position.

In Attorney General's Opinion M-296 (1968), the question was presented as to the date on which the staggered terms of members of the State Judicial Qualifications Commission commenced and terminated.   In passing upon this question it was stated that:

> ". . . A term of office is not necessarily measured by the date of appointment thereto, but rather by the date set by the act which brings such office into existence.   Even though no specific date is mentioned by such act, its terms may be such, as is the case here, that a definite date may be readily ascertained. Bruce v. Matlock, 111 S.W. 990 (Ark.Sup. 1908); Boyd v. Huntington, 11 P.2d 383 (Calif.Sup. 1932); People v. Morris, 106 P.2d 635 (Calif. Dist. App. 1940)."   (Emphasis added.)

While the foregoing comments would likewise seem to support a rule of construction that the term of office of an individual serving on an agency, board, commission or committee of the State of Texas, created by an enactment wholly silent concerning the commencement date of such term of office, begins with the effective date of the enactment, the Supreme Court of Texas in Spears v. Davis, 398 S.W.2d 921 (Tex.Sup. 1966), made the following statement:

> ". . . The relators contend that the general rule as to the commencement of terms is that, 'The term of office begins from the time, if any, fixed by law, or where no time is fixed, on the day of election or the date of appointment.' 67 C.J.S. Officers, § 45, p. 199. While there is authority to the contrary, we are in agreement with this contention and if we were to consider the constitutional provision relating to Senators by itself, we would have no difficulty in saying that the usual senatorial term extended four years from the day of the general election . . . ." (Emphasis added.)

While the foregoing statement was made by the Supreme Court in its opinion, it should be noted that the court did not base its decision in the case on this point and therefore the statement is judicial dicta rather than an actual holding of the court. In addition, Spears v. Davis, supra, dealt with elective offices rather than appointive offices.

Of even greater significance in discussing Spears v. Davis, supra, is the reference made to 67 C.J.S. Officers, § 45, wherein it is stated that:

> ". . . The general rule is that, where no time is fixed by the constitution or statute, the term begins, in the case of elective offices, on the day of election, and in the case of appointive offices, on the date of appointment. . . ." (Emphasis added.)

Among the cases cited in support of the statement is the case of People v. Morris, 41 Cal.2d 430, 106 P.2d 635 (1940).

In the case of <u>People v. Morris, supra,</u> the court had before it the question of when the term of office commenced as to a member of the State Chiropratic Board. The statute creating the board provided for staggered board membership. Such appointments were to be made by the Governor within sixty days from the effective date of the act. The court in its opinion stated that:

> ". . . Perhaps the leading case in this jurisdiction is Boyd v. Huntington, 215 Cal. 473, 11 P.2d 383, which case has been discussed at length by both parties. The court was there dealing with the two statutes relating to the board of dental examiners. Neither of said statutes contained the provision found in the statute here directing the appointment of the board by the governor 'within sixty days' and providing that 'Of the members first appointed, one shall be appointed for a term of one year, two for two years, and two for three years.' The statutes there did provide, however, for staggered terms and for rotation in office and it was necessary to determine the date of the commencement of the terms in order to carry out the legislative intent. <u>Under the situation presented by statutes before it, the court concluded that the terms commenced on the effective date of the act.</u> It was there said . . . . 'The law is well established that a term begins not necessarily from the date of appointment, but from the time fixed by the lawmakers for it to begin.' We may imply from the language of the court that the time of the commencement of a term under any given statute is to be determined by the intent of the lawmakers as found from a consideration of such statute as a whole.

> "<u>As we read the statute under consideration, we believe that it contains a definite implication that the terms of the original board members should commence upon the date of the first appointments rather than upon the effective date of the act . . . ."</u> (Emphasis added.)

In the case of Boyd v. Huntington, 215 Cal. 473, 11 P.2d 383 (Cal.Sup.Ct. 1932), referred to by the court in People v. Morris, supra., the court had before it the question of determining the date of commencement of the term of office of the members of the dental examiners board. The issue was whether the commencement date of the terms of office was the date of appointment or the effective date of the act. The court in holding that the effective date of the act controlled the commencement of the term of office of the members of the board stated:

"The Governor who appointed petitioner was limited in his appointment to the duration of the term fixed by law, and the naming of any period beyond such term is to be regarded as surplusage. 46 C.J., p. 965. Since the term of an office is distinct from the tenure of an officer, the 'term of office' is not affected by a holding over of an incumbent beyond the expiration of the term for which he was appointed, and a holding over does not change the length of the term, but merely shortens the term of the successor. Assuming, therefore, that the term to which petitioner was appointed began and ended on August 8, his appointment on November 9, 1927, was but for an unexpired term.

"The law is well established that a term begins not necessarily from the date of the appointment, but from the time fixed by the lawmakers for it to begin. People ex rel Mason v. McClave, 99 N.Y. 83, 1 N.E. 235. Nor is it necessary that such a statutory provision expressly fix a date for the beginning or ending of a term. It is sufficient if the statute shows by its provisions that the term shall run with the office. Such a result may properly be inferred from the construction of the statute as a whole . . . The statute here in question does fix the date of the commencement of the terms as August 8, 1915, the effective date of the act, and the rotation in office or classification provided for therein in our opinion definitely fixes and establishes the end thereof.

"The classification or provision for rotation
in office in the statutory declaration that not
more than the terms of two members shall expire
in any one year has for its purpose the fixing
of the term, and it cannot be given except by a
holding that the beginning and expiration dates
of the terms are so fixed and that all terms run
with the office.  A contrary holding would re-
sult in a destruction of any effect of the pro-
vision."  (Emphasis added.)

The only case authority by a Texas Court called to our
attention involving the point is Spears v. Davis, supra, which
quoted statement by the Supreme Court of Texas is considered as
judicial dicta as distinguished from mere obiter dicta.  15 Tex.
Jur. 2d 588, Courts, Sec. 130; p.595, Courts, Sec. 135.  As
such it cannot be ignored.  In addition, there is ample pre-
cedent by prior Attorney General's Opinions to support the
position that the term of office of a person serving on an
agency, board, commission or committee commences upon the date of
appointment of the initial appointee in instances where the
commencement of the term cannot be determined from the language
of the enactment.  Attorney General's Opinions O-3584 (1941),
O-2805 (1941), O-4903 (1943), O-5169 (1945) and Attorney General's
Conference Opinions 2572 (1924) 2913 (1933) and Conference Opin-
ion dated January 23, 1950.  In accord, 43 Am. Jur. 15, Public
Officers, Sec. 155, and cases there cited.

As can be seen from the cases cited by the texts in Corpus
Juris Secundum and American Jurisprudence, the authorities are
somewhat in conflict as to whether the term of office of an in-
dividual serving by appointment on a State agency, board, com-
mission or committee commences on a date determined by the
effective date of the enactment creating the position or on the
date of the initial appointment to the position, or the date of
qualification by the appointee.

Except for the Supreme Court's statement in Spears v. Davis
and the long line of Attorney General Opinions above cited, we
would not hesitate to adopt a better rule of construction which
would favor permitting the effective date of the enactment to
determine the commencement of the term of office in the absence
of any provision setting forth the commencement date of the term
of office.  In addition, by using the effective date of enact-
ment as the determining factor in setting the commencement date

of terms of office where the statutory or constitutional provision is silent thereon, determination of such commencement date can be more accurately and easily made. Certainly because of this conflict of authorities, clarification by the Legislature would be extremely helpful, and, in fact, it is a virtual necessity if absolute legal certainty is to be assured.

In the absence of legislation, however, and in an effort to reconcile the aforementioned conflicts, we are of the opinion that the following rules will eliminate most of the conflicts:

(1) In situations where the enactment creating boards, agencies, commissions and committees provides for a multi-member board with staggered terms of office, it appears that the legislature, in the absence of anything to the contrary, intended that the commencement date of the term of office of such appointive positions will be the effective date of the enactment creating such position. This was so held in Attorney General's Opinion No. M-296 (1968) and that Opinion is reaffirmed in this connection.

(2) In instances where the enactment creates a single position and does not provide for a definite beginning date for the commencement of the term of office, the term begins on the date of appointment of the initial appointee to such position, and thereafter such date will govern the commencement date of subsequent terms of office in such position.

It should be noted at this point that there may be instances where the legislative enactment or constitutional provision creating offices on a board, agency, commission or committee of the State of Texas has been amended since its initial enactment. We are of the opinion that an amendment to the statutory or constitutional provision creating an agency, board, commission or committee does not change the commencement date of the terms of office of the members on such agency, board, commission or committee unless such amendment clearly

has as its purpose such a change. See State ex rel McCall v. Manry, 16 S.W.2d 809 (Comm. Sup. 1929); Manry v. McCall, 22 S.W.2d 348 (Tex.Civ.App. 1929).

Prior opinions are overruled in sofar as they are in conflict herewith.

## SUMMARY

The commencement date of the term of office of an individual serving on a board, agency, commission or committee of the State of Texas, created by a statutory or constitutional provision which is silent as to the commencement date of such term of office, is fixed by the effective date of the legislative enactment or constitutional provision creating such office in those instances where the board, agency, commission or committee is a multi-member body and the statutory or constitutional provision provides for staggered terms of office, indicating an implication that the terms of office should commence on the effective date of the statutory or constitutional provision. In those instances where the statutory or constitutional provision does not provide for a staggered term of a multi-membership body, the commencement date of the term of office is fixed by the date of appointment of the initial appointee.

Amendments to the statutory or constitutional provisions creating a board, agency, commission or committee do not change the commencement date of the terms of office of the members of such board, agency, commission or committee unless such amendment clearly has as its purpose such a change.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by George M. Kelton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Roger Tyler
John Grace
Monroe Clayton
Fielding Early

HAWTHORNE PHILLIPS
Staff Legal Assistant