[Civ. No. 639. First Appellate District.—February 3, 1909.]

THE PEOPLE, by U. S. WEBB, Attorney General, Appellant, v. R. E. NICKEL and H. A. THOMPSON, Claiming to be Wardens of the Port and Harbor of San Francisco, Respondents.

PORT WARDENS OF SAN FRANCISCO PORT AND HARBOR—TENURE OF OFFICE—DATE OF APPOINTMENT—TENURE ATTACHED TO OFFICER.—The office of port warden of San Francisco port and harbor was established and regulated by the Political Code as adopted in 1872, the number of which is fixed in section 2501 thereof, and the tenure of office of which is fixed at four years, in section 368 thereof, without fixing any date of beginning or ending thereof, in which case each incumbent takes a term of four years from the date of his appointment, without regard to the length of holding of predecessors. In such case the tenure is attached to the officer, and not to the office.

ID.—EFFECT OF HOLDING OVER UNTIL NEW APPOINTMENT.—The holding over of an appointee beyond the period of four years from the date of appointment, for a longer or shorter time, until a new appointment is made, is merely a prolongation of the old term, and forms no part of a new term, which dates four years from the date of a new appointment in all cases.

ID.—CONSTRUCTION OF CHANGE IN POLITICAL CODE—OFFICE OF PORT WARDEN NOT AFFECTED.—Section 1003a of the Political Code, providing that "when the appointment is not made until after the expiration of the preceding term, the appointee holds office only for the balance of the unexpired term, as provided by the law creating the office," relates to offices having a fixed term, and which may have strictly an "unexpired term." That section is inapplicable when no new term has commenced; and it is not to be construed as changing by implication the tenure of the office of port warden, which in all cases begins a new term of four years from the date of appointment, without reference to the prolongation of previous holdings until a new term is created by a new appointment.

ID.—QUO WARRANTO.—The writ of *quo warranto* will not lie to oust port wardens of the port and harbor of San Francisco, where it appears that neither appointee has held for the period of four years from the date of his appointment.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, Raymond Benjamin, Deputy Attorney General, and Wm. H. Cobb, for Appellant.

J. A. Elston, for Respondents.

HALL, J.—This is a proceeding in *quo warranto* brought by the attorney general to oust each of the defendants from the office of port warden of the port and harbor of San Francisco. The trial court made full findings of the facts bearing upon the questions involved, and gave judgment for the defendants. From the judgment the plaintiff in due time appealed, and the case comes to this court upon the judgment-roll.

The problem for solution is as to the effect upon the tenure of office of warden of the port and harbor of San Francisco of section 1003a of the Political Code, which was first adopted in 1903, and went into effect on March 15th of the same year.

This section, so far as pertinent to the facts of this case, is as follows:

"Except in the instances otherwise provided in the constitution, whenever a person . . . shall be appointed . . . by the governor, by and with the advice and consent of the senate . . . to fill an office when the appointment is not made until after the expiration of the preceding term, the appointee holds office only for the balance of the unexpired term as provided by the law creating the office."

The office of port warden was established by the Political Code as adopted in 1872. Section 2501 of said code fixes the number of port wardens for the several ports of entry within the state; section 368 (Political Code) provides for their appointment by the governor with the consent of the Senate, and section 369 (Political Code) provides that port wardens shall hold their offices for "the term of four years."

It will be thus seen that the term of office of a port warden is simply fixed as a period of time—four years; and no particular date is established for either the beginning or ending of the term. Under such circumstances it is well established that each incumbent takes a term, running from the date of his appointment, equal in duration to the period of time fixed by the statute as the term of the office: This is the rule in the absence of a statutory provision to the contrary, even

where a particular incumbent is appointed or elected to fill
a casual vacancy, and it is certainly the rule where a particu-
lar incumbent is elected or appointed to the office after the
expiration of the term of the preceding incumbent.    (23 Am.
& Eng. Ency. of Law, 418, and cases there cited, particularly
*Hughes* v. *Buckingham,* 5 Smedes & M. (Miss.) 632; *McAffee*
v. *Russell,* 29 Miss. 84; *State* v. *Johns,* 3 Or. 533; *State* v.
*Wentworth,* 55 Kan. 298, [40 Pac. 648] ; and *People* v. *Lang-
don,* 8 Cal. 1.)

Where the term is fixed at a given period of time only, and
no particular date is established for the beginning or ending
of the term, such term is said to run with, or is attached to,
the officer, and does not run with, and is not attached to, the
office.    In other words, a new term does not commence upon
the determination of the preceding term until the appoint-
ment of a new incumbent, or the reappointment of the person
in office to a new term.    The time that a particular incumbent
holds over after the ending of his proper term has been called
a prolongation of the old term.    "It is in no sense a new
term."    (*People* v. *Edwards,* 93 Cal. 153, [28 Pac. 831].)
The new term begins only upon the making of a new appoint-
ment.

Accordingly, under the provisions of the Political Code
above referred to, as they have stood since the adoption of the
codes in 1872, until the adoption of section 1003a in 1903, port
wardens have been appointed from time to time, and each
appointee has held his office for a period of four years from
the date of his appointment, irrespective of whether or not
his immediate predecessor may have held over for a greater
or less period after the ending of his four year term.

We do not understand appellant to contend that this prac-
tice was not correct, or not in accordance with the law as it
existed prior to March 15, 1903.    Appellant does contend,
however, that section 1003a changed the law as regards the
tenure of office of port wardens and others whose term is
simply fixed at a given period of time.

While the facts are fully set forth in the findings of the
court, it is quite unnecessary for us to state the facts in de-
tail.    It is sufficient to say that each of the defendant's claims
to hold by virtue of an appointment, made in truth and in

fact less than four years prior to the present time, although some time after the expiration of a preceding four year term.

The pertinent language of the section is: ''When the appointment is not made until after the expiration of the preceding term, the appointee holds office only for the balance of the unexpired term as provided by the law creating the office.''

But, as we have shown, under the law creating the office of port warden, no term commences until a person is appointed to the office. There can be no ''balance of an unexpired term as provided by the law creating the office,'' until a term has commenced. The section under discussion does not attempt to fix when a term shall commence. Although we may fully concede that an appointment made after the expiration of a four year term is made after ''the expiration of the preceding term,'' it does not necessarily follow that in all such cases there must be a ''balance of an unexpired term.'' Whenever the law fixes a given date as the beginning of a term, such term attaches to and runs with the office. As soon as that given date is passed, there is a balance of an unexpired term to be filled.

The language of the section fitly applies to such cases only, and can have no operation where no new term has commenced. In passing the section in question the legislative mind seems not to have been directed to the question of fixing a time for the beginning of terms of office, but only to the matter of fixing the time an office may be held when the appointment is made after a term has commenced. The legislature correctly assumed that in many cases where an appointment might be made after the termination of a preceding term, a new term would have commenced under the existing law; and in such case provided that the appointee should hold only for the balance of such unexpired term. The most that can be claimed for the language of the section in question is, that it, by implication, changes the rule of law as to when a term of office shall begin when no given date is fixed by the statute for the beginning of the term. Changes by implication in well-established and certain rules of law are not favored, and we do not think we should enter the realm of conjecture for the purpose of giving a meaning to language beyond its ordinary and natural signification.

As the term of each defendant did not begin until he was appointed, and four years has not elapsed since the appointment of either, each is entitled to hold the office to which he was appointed until the expiration of the period.

The judgment is therefore affirmed.

Cooper, P. J., and Kerrigan, J., concurred.