Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 1794.   June 9, 1941.]

THE PEOPLE, Respondent, v. PAUL D. HUGON, Appellant.

Ernest A. Tolin for Appellant.

Ray L. Chesebro, City Attorney, W. Jos. McFarland, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondent.

SHAW, P. J.—Defendant was convicted on a charge of violating subdivision (a) of section 525 of the Vehicle Code, and appeals. That provision reads as follows: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of, and as close as practicable to the right-hand curb or edge of, such roadway, except as follows: (1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement. (2) When placing a vehicle in a lawful position for, and when such vehicle is lawfully making, a left turn. (3) When the right half of a roadway is closed to traffic while under construction or repair. (4) Upon a roadway designated and signposted for one-way traffic."

The evidence for the prosecution shows that defendant, while traveling along "a four lane highway with a marked double line in the center of the street", in the city of Los Angeles, drove his automobile for a distance of about one mile "in the lane of traffic nearest to the center line of said street", although "at all times the lane of traffic to the right of defendant's car was free and unobstructed". Under the circumstances thus shown, it was obviously practicable for defendant to drive his car in the lane of traffic to the right of that in which he did drive it. If he came within any of the exceptions of section 525, the burden of making a showing in that respect was upon him, and he failed to do so. The evidence is clearly sufficient to show a violation of the part of section 525 above quoted, unless other provisions of law alter or control the effect of that provision.

The first contention of appellant is that section 526 of the Vehicle Code has that effect. By its introductory language

that section is limited in its application to situations "where any roadway has been divided into three or more clearly marked lanes for traffic." The evidence here does not show such a situation, but only that there is "a four lane highway with a marked double line in the center of the street", which would make only two *marked* lanes for traffic.

It is also contended that the provisions of section 529 of the Vehicle Code regarding passing on the right limit the effect of section 525. Section 529 as amended in 1939 (Stats. 1939, p. 2198), reads as follows: "(a) The driver of a motor vehicle may overtake and pass to the right of another vehicle only under the following conditions: (1) When the vehicle overtaken is making or about to make a left turn. (2) Upon a city street with unobstructed pavement of sufficient width for two or more lines of vehicles in each direction. (3) Upon a one-way street. (4) Upon any highway outside of a city with unobstructed pavement of sufficient width and clearly marked for four or more lines of moving traffic. (5) Upon a highway divided into two roadways where traffic is restricted to one direction upon each of such roadways. (b) The driver of a motor vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving upon the shoulder of the highway. (c) The provisions of this section shall not relieve the driver of a slow moving vehicle from the duty to drive as closely as practicable to the right hand edge of the roadway." Section 525 was also amended in 1939 but the amendment consisted merely in the insertion of a subdivision (b) which is immaterial here. (Stats. 1939, p. 2197.) An amendment of section 525 made in 1937 is also of no consequence to our present problem. Section 525 as first enacted (Stats. 1935, p. 181), was the same as the present subdivision (a) thereof, above quoted, except for this amendment of 1937. Section 529 as enacted in 1935 (Stats. 1935, p. 182), contained the substance of paragraphs (1) and (2) of subdivision (a) of the section as it now reads. ■ Thus several of the interacting provisions of these two sections date from the same time and must be construed accordingly, but some of those found in section 529 are later in date than those of section 525, and if they limit section 525, such effect would consti-

tute to that extent a repeal by implication. Such repeals are not favored, and where such a repeal is in question two statutes on the same subject will be reconciled and effect given to both, if that is reasonably possible. (*Boyd* v. *Huntington*, (1932) 215 Cal. 473, 482 [11 Pac. (2d) 383]; *Southern Pac. Co.* v. *Railroad Com.*, (1939) 13 Cal. (2d) 89, 100 [87 Pac. (2d) 1055].) Substantially the same rule of construction is applied to different provisions enacted at the same time as parts of the same statute (*In re Goddard*, (1937) 24 Cal. App. (2d) 132, 138 [74 Pac. (2d) 818]; 23 Cal. Jur. 760), so that we have this rule in operation between all parts of sections 525 and 529. ▮ Looking at these two sections in the light of this rule, we find no irreconcilable repugnancy between them. While it may be said that section 529 recognizes the possibility that some vehicles to be passed on the right may be found in some lane of traffic farther to the left than section 525 would place them, this would not be true of many others, and section 529 does not purport to legalize the conduct of any person who is passed on the right. Its permissive hand is extended to the driver who so passes, with an apparent purpose to facilitate his progress and enable him to pass with a minimum of horn-blowing, annoyance and delay. Such a purpose is quite sufficient to explain its enactment, without looking for implications of repeal of provisions relating to other drivers. The provision which comes nearest to raising such an implication is probably that of subdivision (c) that the section does not relieve the driver of a slow moving vehicle from the duty to keep to the right. But even this does not declare that any other driver is so relieved; it is in the nature of a proviso and does not have the effect of enlarging the enacting clause. (59 Cor. Jur. 1090, 1091.) It appears to be unnecessary, and its presence in the section is to be attributed to an excess of caution on the part of the legislative draftsman.

▮ It is also suggested that subdivision (c) of section 528 of the Vehicle Code bears upon our question. It provides: "Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle." Here again we note that the provision is not directed to the question, on

what part of the highway shall a vehicle be driven? The introductory language of section 528 declares, "The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction." Like the other provisions referred to in defendant's behalf, this deals with the situation as it happens to exist when the occasion for passing arises; it does not concern itself with the legality of that situation. Hence we find in it no implied limitation on the operation of section 525.

The judgment is affirmed.

Bishop, J., and Fox, J., concurred.