TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

-----------------------------------------------------------------
                                    :
        OPINION                     :          No. 86-1101
                                    :
           of                       :          <u>JULY 2, 1987</u>
                                    :
JOHN K. VAN DE KAMP                 :
  Attorney General                  :
                                    :
CLAYTON P. ROCHE                    :
Deputy Attorney General            :
                                    :
-----------------------------------------------------------------


        THE HONORABLE   DENNIS A. BARLOW, County Counsel, Yuba County, has requested an opinion on the following question:

        Where a county board of supervisors of a general law county makes an appointment to fill a vacancy in either the office of county agricultural commissioner or county sealer of weights and measures caused by the resignation of the incumbent, is such appointment for the unexpired term of the prior incumbent or for a new four year term?

CONCLUSION

        Where a county board of supervisors of a general law county makes an appointment to fill a vacancy in either the office of county agicultural commissioner or county sealer of weights and measures caused by the resignation of the incumbent, such appointment is for a new four year term.

ANALYSIS

        Pursuant to section 2001 et seq. of the Food and Agricultural Code, a county department of agriculture is established in each county to be under the control of the county agricultural commissioner.

        The county agricultural commissioner is to be appointed by the county board of

supervisors. (Food & Agr. Code, § 2121). That board must, however, choose an appointee from among those persons who have received a certificate of qualification from the State Director of Food and Agriculture. (Food & Agr. Code, §§ 2102-2103, 2123.)

The term of office of the county agricultural commissioner is prescribed by section 2122 of the Food and Agricultural Code. That section provides:

"The term of office of the commissioner shall be four years from and after his appointment and until his successor is appointed. He may, however, be removed pursuant to this chapter."

Pursuant to sections 12200 et seq. of the Business and Professions Code, the office of county sealer of weights and measures is established in each county.

Similar to the county agricultural commissioner, the county sealer of weights and measures is appointed by the county board of supervisors from those persons who have received certificates of eligibility from the State Director of Food and Agriculture. (Bus. & Prof. Code, §§ 12200, 12202-12203.)

The term of office of the county sealer of weights and measures is set forth in virtually identical language to that for the county agriculture commissioner. Thus, section 12200 of the Business and Professions Code provides in part:

". . . The term of office of such sealer is four years from and after his appointment and until his successor is appointed but he may be removed as hereinafter provided."

Accordingly, both officers by statute have a term of four years "from and after his appointment and until his successor is appointed."[1] The issue presented herein arises if the incumbent of either office resigns during his four year term of office. Does the subsequent appointee serve for only the remainder of that four year term or does he receive a new four year term?

Although the literal language of the pertinent code sections would indicate that the appointee would receive a new four year term, section 25304 of the Government Code provides:

---

[1] Although not material to our consideration herein we note: 1. A chartered county may provide a different method of appointment for both officers (Bus. & Prof. Code, § 12200; Food & Agr. Code, § 2121); and 2. Where the board of supervisors fails to fill a vacancy in either office, then after a prescribed statutory period of time, the power to fill such vacancy devolves upon the State Director of Food and Agriculture (Bus. & Prof. Code, § 12201; Food & Agr. Code, § 2152).

"The board of supervisors shall fill by appointment all vacancies that occur in any office filled by the appointment of the board and elective county officers, except judge of the superior court and supervisors. <u>The appointee shall hold office for the unexpired term</u> or until the first Monday after January 1st succeeding the next general election." (Emphasis added.)

Based upon the predecessor to section 25304 of the Government Code (Pol. Code, § 4041.3) this office at one time was of the view that where a vacancy arose in either office under consideration herein, the appointment to fill a vacancy was for only the unexpired term of the prior incumbent. Thus, in Opinions Nos. N.S. 756 and 756a (1937) we concluded that an appointment to fill a vacancy which arose in the office of either county agricultural commissioner or sealer of weights and measures would be for the unexpired term, reasoning that both offices were clearly county offices and both had fixed four year terms. (Accord: Cal.Atty.Gen., Indexed letter (unnumbered), dated July 20, 1938 re county agricultural commissioner.)

However, several years later we were asked to reconsider our position with respect to a county agricultural commissioner based upon the case, <u>People</u> v. <u>Nickel</u> (1909) 9 Cal.App. 783. Thus, in Opinion No. N.S. 2560 (1940) we reversed our prior opinion based upon that case, stating:

"In <u>People</u> v. <u>Nickel</u>, <u>supra</u>, the court had under consideration the office of port warden. There, as in the instant case, the term of office was simply fixed at a period of four years, no particular date being established for either the beginning or ending of the term.

"The court said:

"'Under such circumstances it is well established that each incumbent takes a term, running from the date of his appointment, equal in duration to the period of time fixed by the statute as the term of the office. This is the rule in the absence of a statutory provision to the contrary, even where a particular incumbent is appointed or elected to fill a casual vacancy, and it is certainly the rule where a particular incumbent is elected or appointed to the office after expiration of the term of the preceding incumbent. (Citing cases).

"'Where the term is fixed at a given period of time only, and no particular date is established for the beginning or ending of the term, such term is said to run with, or is attached to, the officer, and does not run with, and is not attached to, the office. In other words, a new term does not commence upon the determination of the preceding term until the appointment of a new incumbent, or the reappointment of the person in office to a new term. The time that a particular incumbent holds over after the ending of his proper term has been called a prolongation of the old term. "It is in no sense a new term" (<u>People</u> v. <u>Edwards</u>, 93 Cal. 153, (28 Pac. 831).) The new term begins only upon the making of a new appointment.'

"Under the above language it would appear that the term of office of a county agricultural commissioner runs with the officer since no date is established by the statute for either the beginning or ending of the term.

"The situation in the Nickel case is distinguishable from that presented by you in that there the port wardens were appointed after the expiration of the four year terms of their predecessors. If therefore the language above quoted were to be limited to the situation pending before the court that decision would not necessarily be controlling in the instant case. However, the general principles stated in the quoted language have been reiterated in other cases and the Nickel case itself has been cited with approval by the Supreme Court.

"See Boyd v. Huntington, 215 Cal. 473.

"While the question may not be entirely free from doubt upon reconsideration we are of the view that the term of office of the county agricultural commissioner runs with the officer and that upon a vacancy occurring in said office a new appointee would be appointed for a full term of four years."

This same reasoning would be applicable to a county sealer of weights and measures.

We see no reason to depart from the conclusion we reached in Opinion No. N.S. 2560 (1940), supra. Since issuing this 1940 opinion we have had occasion a number of times to determine whether the term of office of a particular office ran with the office or with the officer, the basic issue presented herein. Thus, we recently stated in 67 Ops.Cal.Atty.Gen. 220, 224 (1984):

"Ordinarily, where no particular date is established for the commencement or expiration of a term, each incumbent takes a term, running from the date of his appointment, equal in duration to the period of time fixed by the statute as the term of office; this is the rule in the absence of a statutory indication to the contrary. (People v. Nickel (1909) 9 Cal.App.783.) The leading case in California which represents an extension of the Nickel doctrine is Boyd v. Huntington (1932) 215 Cal. 473. . . ." (Emphasis in original.)

We then noted that Boyd v. Huntington (1932) 215 Cal. 473 establishes the rule that People v. Nickel will not apply "if the statute shows by its provisions that the term shall run with the office" and that "[s]uch a result may be properly inferred from the construction of the statute as a whole."

Such an inference from statutory construction usually involves multiple offices on a single board where the law has provided for staggered terms. Under such circumstances the term would have to run with the office to preserve the staggered terms. Where a single office is involved, such inference may be drawn from the fact that the statute provides that an appointment to fill a vacancy will be only for the unexpired term, which is clearly inconsistent with the notion that the term is personal to the incumbent. (See, generally, Boyd v. Huntington, supra, 215 Cal. 473; 67

Ops.Cal.Atty.Gen. 220, 224 (1984), supra, 66 Ops.Cal.Atty.Gen. 477 (1983); 57 Ops.Cal.Atty.Gen. 164 (1974); 27 Ops.Cal.Atty.Gen. 310 (1956); 14 Ops.Cal.Atty.Gen. 234 (1949).)

We are not involved herein with the possibility of staggered terms which would militate against the term running with the office. Nor does the Food and Agricultural Code or the Business and Professions Code provide that the respective offices under consideration herein should have a vacancy filled only for the unexpired terms (the question ultimately at issue herein). The question thus resolves itself into, what is the effect of section 25304 of the Government Code, the general provision with respect to the filling of vacancies in county offices?

Returning to section 25304 of the Government Code, it is seen that the language of that section speaks in terms of the appointee holding office "for the unexpired term" of the particular office. That language in itself presupposes that the particular county office is one where the term runs with the office and hence there can be an unexpired term. Stated otherwise, the section in no way purports to provide that all county offices must have terms which run with the office and that none can run with the officer. Certainly, the Legislature may, if it wishes, still provide that as to a particular county office, the term shall run with the officer. In such a case, the above quoted language of section 25304 of the Government Code would merely be inapplicable. (Accord, People v. Nickel, supra, 9 Cal.App. 783, re prior § 1003a of the Pol. Code, and vacancies filled by the governor.)

In our view, we have such a case with respect to the offices of county agricultural commissioner and county sealer of weights and measures. No provision is made for the beginning or ending of the term of either office. Furthermore, the clear language of the provisions which provide for the terms of office state that they shall be for "four years from and after his appointment." (Emphasis added.) This demonstrates a legislative intent that the term shall be personal to the officer.[2]

Accordingly, we believe section 25304 should be viewed as a provision completely independent from the particular provisions which establish a given county office and its term. These particular provisions and not section 25304 should then be consulted to determine whether the term of that given county office runs with and is attached to the office, or whether it runs with and is personal to the officer. Otherwise, section 25304 of the Government Code would govern all county offices even if the Legislature has indicated otherwise under the criteria set forth in the current case law.

We therefore conclude that where a board of supervisors of a general law county makes an appointment to fill a vacancy in either the office of county agricultural commissioner or county sealer of weights and measures caused by the resignation of the incumbent, such appointment

---

[2] See also, e.g, section 27641 of the Government Code with respect to the county counsel: "The county counsel shall serve for four years from the time of his appointment and until his successor is appointed. . . ."

is for a new four year term.[3]

* * * *

---

[3] This conclusion is in accord with the administrative practice of the counties. We are advised by the State Department of Food and Agriculture that between 1972 and the present, thirty-four appointments were made to one or the other of these offices for a full four year term at a time other than on the four year anniversary of the previous office holder.

This conclusion is also in accord with the views expressed by the Superior Court in the quo warranto actions, People ex rel. Clare Berryhill v. Ronald M. Gilman, Santa Barbara Superior Court No. 157583 and People ex rel. Graydon B. Hall v. Ronald M. Gilman, Santa Barbara Superior Court No. 157584 (Decision and Order).

Those actions were brought to determine the status of the incumbency in the consolidated office of county agricultural commissioner - sealer of weights and measures in Santa Barbara County which was the subject of our opinion in 67 Ops.Cal.Atty.Gen. 428 (1984).